UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLYNN MELODIE DUPREE,

        Petitioner,                      Case No. 2:19-cv-11146
                                               Honorable Linda V. Parker

v.

SHANE BREWER,

        Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Ashlynn Melodie Dupree, currently confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her convictions for armed robbery, unlawful imprisonment, and the possession of a firearm during the commission of a felony, claiming her trial attorney was ineffective during plea negotiations and that insufficient evidence supports her armed robbery and felony-firearm convictions. (ECF No. 1.) Respondent filed an answer to the petition. (ECF No. 7.)

For the reasons stated below, in lieu of adjudicating the merits of the petition, the Court is holding the petition in abeyance and staying the proceedings to permit Petitioner to return to the state courts to exhaust an additional claim,

failing which the petition shall be dismissed without prejudice. The Court is also administratively closing the case.

## I. Background

An Ingham County Circuit Court jury found Petitioner guilty of armed robbery, unlawful imprisonment, and the possession of a firearm during the commission of a felony ("felony-firearm"), in violation of Michigan Compiled Laws §§ 750.529, .349b, and 227b, respectively. *People v. Dupree*, No. 332289, 2017 WL 3160329, at *1 (Mich. Ct. App. July 25, 2017), *lv. den.* 501 Mich. 1057 (2018).

On April 16, 2019, Petitioner filed the pending application for the writ of habeas relief, raising two grounds for relief:

> I. Trial counsel was ineffective during plea bargaining and requesting to reinstate final plea.
>
> II. Petitioner's convictions for armed robbery and felony firearm were not supported by sufficient evidence. Petitioner had no foreknowledge that the armed robbery would occur.

(ECF No. 1.)

As to the first ground, Petitioner asserts that her trial attorney was ineffective during plea bargaining because he encouraged Petitioner to reject a plea offer of attempted armed robbery, advised her incorrectly that she could not be found guilty of armed robbery because she did not have a gun, and never reviewed with her the sentencing guidelines and maximum penalties applicable to the charges against her

2

or to any plea offers. (*Id.* at Pg ID 16.) Petitioner additionally asserts that trial counsel never informed her of the prosecution's final plea offer. (*Id.* at Pg ID 16-17.) As a result of counsel's erroneous and inadequate advice, Petitioner rejected a plea offer and proceeded to trial, where she was convicted of the previously listed offenses. (*Id.* at Pg Id 19.)

Through appointed appellate counsel, Petitioner moved in the trial court for a new trial or reinstatement of a plea offer on the same grounds raised in her petition. The motion was accompanied by Petitioner's affidavit, asserting that she would have accepted a plea offer but for her trial counsel's erroneous and inadequate advice. (*See* ECF No. 5-14 at Pg ID 435-36.) At a hearing on the motion, appellate counsel learned the plea offer as Petitioner understood it – attempted armed robbery and dismissal of the unlawful imprisonment charge – was never offered. (9/1/16 Hr'g Tr. at 4-5, ECF No. 8-13 at Pg ID 376-77.) The trial court denied Petitioner's motion on the record at the hearing. (*Id.* at 11-12m Pg ID 383-84.)

Appellate counsel filed a motion for reconsideration. In a written order, the trial court denied the motion. (ECF No. 8-14 at Pg ID 465.) The court acknowledged that Petitioner's trial attorney provided "erroneous legal advice" if he told her she could not be convicted of armed robbery because she did not have a gun. (*Id.* at Pg ID 463.) However, applying *Lafler v. Cooper*, 566 U.S. 156

3

(2012), the court held that Petitioner could not meet that case's requirement of establishing a reasonable probability that the plea offer would have been presented to the court, because the plea offer Petitioner said she would have accepted did not exist, and she had not stated she would have accepted the prosecution's last offer. (*Id.* at Pg ID 465.)

After her direct appeal was filed, Petitioner retained an appellate attorney in place of her first, appointed one. The second attorney moved in the court of appeals to expand the record to include an affidavit in which Petitioner contended she would have accepted the prosecution's final, actual offer. (*See* ECF No. 8-14 at Pg ID 600, 603.) Plaintiff's new attorney also moved for leave to file a supplemental brief. (*Id.* at Pg Id 557.)

Regarding her failure to accept the prosecution's final offer, Petitioner asserted in both the Michigan Court of Appeals and the Supreme Court that her first appellate attorney never consulted with her after he learned about the existence and terms of the actual, final offer. (ECF No. 8-14 at Pg ID 559, 601; ECF No. 8-15 at Pg ID 627 n. 14.) Petitioner argued the attorney should have procured an affidavit from her establishing that she would have accepted that offer had she known of its existence. (ECF No. 8-14 at Pg ID 601.) The Michigan Court of Appeals denied Petitioner's motion to expand the record to include her affidavit and her motion to file a supplemental brief.

4

The Michigan Court of Appeals thereafter rejected Petitioner's claim that trial counsel was ineffective during plea bargaining. *Dupree*, 2017 WL 3160329, at *2. Affirming the trial court, the appellate court observed that "the plea offer defendant asserted she would have accepted was never offered, and defendant had not indicated that she would have accepted the last offer made by the prosecutor." *Id.* The court also found sufficient evidence supporting Petitioner's convictions. *Id.* at *5.

## II. Discussion

*Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), govern Petitioner's claims that her trial counsel was ineffective for providing inadequate and erroneous advice, and for failing to convey a final, favorable offer from the prosecution. To achieve relief, both cases require a petitioner to demonstrate a reasonable probability of a different outcome in the absence of counsel's substandard performance. *See Lafler*, 566 U.S. at 163; *Frye*, 566 U.S. at 147. The petitioner's burden includes specifically establishing a reasonable probability she would have accepted the offer that was rejected or lapsed due to counsel's ineffectiveness. *Lafler*, 566 U.S. at 164; *Frye*, 566 U.S. at 147.

Petitioner's briefs on direct appeal include the assertions that her first appellate attorney never consulted her about whether she would have accepted the

5

final, actual offer extended by the prosecution, and never attempted to enter an affidavit to that effect in the record. (ECF No. 8-14 at Pg ID 559, 601; ECF No. 8-15, Pg ID 627 n. 14.) The decisions of both the Michigan trial court and court of appeals rely on Petitioner's failure to assert that acceptance. However, a review of Petitioner's state court pleadings reflect that she did not specifically raise a claim of ineffective assistance of appellate counsel.

To the extent Petitioner might wish to allege ineffective assistance of appellate counsel based on the failure to ensure the record met the requirements of *Lafler* and *Frye*, Petitioner would have to exhaust the issue as an independent Sixth Amendment claim with the Michigan courts before this Court could consider it. Because of the substantial liberty interests at stake in this case, as well as the potential merits of Petitioner's claims, this Court feels compelled to raise *sua sponte* the ineffective assistance of appellate counsel claim on behalf of Petitioner. *See Stokes v. Scutt*, 527 F. App'x 358, 361 (6th Cir. 2013) (noting that the district court raised the petitioner's Sixth Amendment claim *sua sponte* and then proceeding to review the merits of that claim); *see also Ballinger v. Stovall*, No. 06-cv-13520, 2007 WL 3408582, *2 (E.D. Mich. Nov. 15, 2007) (Tarnow, J.) (citation omitted); *Batey v. Burt*, No. 05-CV-73699-DT, 2007 WL 1218705, at *3 n.2 (E.D. Mich. Apr. 23, 2007) (Hood, J.).

6

If Petitioner chooses to raise the claim of ineffective assistance of appellate counsel, it will render her habeas petition "mixed," that is, including both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). The United States Supreme Court has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and hold a habeas petition in abeyance while the petitioner returns to state court and raises any unexhausted claims there. *Id.* at 275. After the prisoner exhausts her state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The alternative to staying the petition is outright dismissal, which, even without prejudice, may preclude future consideration of a petitioner's claims in federal court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1); *Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002).

A prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for her to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Petitioner may file a motion for relief from judgment in the Ingham County Circuit Court under Michigan Court Rule 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508 (B), (C). If the trial court denies the motion, before returning to federal court to pursue

7

habeas relief, Petitioner must seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing applications for leave to appeal. Mich. Ct. R. 6.509, 7.203, 7.302.

Even when a habeas court determines that a stay is appropriate pending exhaustion, it "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which she must proceed with her state court post-conviction proceedings. S*ee Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Failure to comply with the time limits or other conditions of this stay may result in the dismissal of the amended petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

### III. Order

Accordingly, Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of this Court's order. If Petitioner declines to file a motion for relief from judgment with the state courts, she should so inform the Court within the same sixty-day period. The Court will then proceed to adjudicate the petition on the merits.

If Petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. This case shall then be held in abeyance pending the Petitioner's exhaustion of the claim or claims.

If Petitioner is unsuccessful in the state courts, she should file a motion to re-open this case and an amended habeas petition which contains any newly exhausted claims within sixty (60) days of exhausting state remedies, *both shall contain the same case caption and number appearing on this Order*.

To avoid administrative difficulties, the Court is directing the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 16, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager